JONES, Circuit Judge,
dissenting.
I respectfully dissent and would be inclined to grant the writ of mandamus. We should at least have held oral argument on whether the Petitioners have a clear and indisputable right to the writ. It is unfortunate that the Petitioner charities should be forced to litigate this case to conclusion, if they can afford it, before resolving this difficult and novel jurisdictional issue.
The statute at issue states that a receiver “shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.” 28 U.S.C. § 754.
1. “Capacity” is not a grant of federal jurisdiction.[1] To the contrary, “a federal receiver appointed under Rule 66 may sue in any district court without any need for the appointment of an ancillary receiver, provided, of course, that the court has *207 subject-matter jurisdiction.” 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2984, at 28-29 (3d ed.2014) (emphasis added). Because OSIC is only pursuing Texas law fraudulent transfer claims and has not alleged diversity of citizenship, it does not appear that OSIC or the receiver can demonstrate that the district court has subject-matter jurisdiction.
2. Even if the receiver could sue in federal court without a separate basis for jurisdiction, it is clear that the receiver “cannot contractually assign federal jurisdiction to another party absent statutory authorization.” See Nat’l Enters., Inc. v. Smith, 114 F.3d 561, 564-65 (6th Cir.1997) (declining to allow the Resolution Trust Corporation to assign its statutory right to sue in federal court); see also RTC Commercial Loan Trust 1995-NP1A v. Winthrop Mgmt., 923 F.Supp. 83, 88 (E.D.Va.1996) (noting that the right to sue in federal court is a personal right); Wamco III, Ltd. v. First Piedmont Mortg. Corp., 856 F.Supp. 1076, 1086 (E.D.Va.1994) (“It is difficult to envision a remedy or benefit that is more personal in nature [than the statutory right to sue].”).
3. Finally, even if federal jurisdiction is assignable and exists without diversity or any other basis, there is no indication that Congress intended the receiver’s fiduciary duties, see 28 U.S.C. § 959(b), to be assignable to a committee of investor-creditors. It is highly doubtful that a district court has inherent power to approve the receiver’s assignment of causes of action to a non-fiduciary like OSIC.[2] By contrast, in bankruptcy cases, Congress both specifically authorized bankruptcy courts to appoint creditors’ committees and delineated their powers and duties. See, e.g., 11 U.S.C. §§ 1102-03.

. Cf. 12 U.S.C. § 1441a(l)(1) (conferring federal court jurisdiction on any suit brought by the former Resolution Trust Corporation).

. The receiver may, of course, hire professionals who are then subject to the receiver's fiduciary duties.